1Judge DAVID S. GORBATY.
This appeal arises from a judgment confirming an arbitration award in favor of plaintiff Southern Tire Services, Inc., and against defendant Virtual Point Development, LLC. The trial court judgment also denied defendant’s motion to vacate and modify the arbitration award. For the following reasons, we affirm.
FACTS:
Virtual Point Development, LLC, (hereinafter VPD), is an Arizona corporation formed to market a software program to sellers of tires and wheels. Southern Tire Services, Inc., d/b/a U.S. Auto Enterprises (hereinafter USAE), is a Louisiana corpo *305 ration operating as an automobile dealership and service facility in New Orleans.
On May 15, 1997, VPD and USAE entered into a software licensing agreement that provided for USAE to have the right to market the software for a three-year period. For this right, USAE would pay VPD a percentage based upon actual sales.
| ¡According to VPD, it learned two years into the contract that USAE was marking up the price of the software beyond the price contemplated in the agreement, and was not including this mark-up in the percentage share guaranteed to VPD. VPD requested an accounting of all sales to date, but USAE refused. VPD notified USAE by letter that it was terminating the contract. Despite this notice of termination, USAE continued to market and sell the software from remaining inventory and unauthorized copies of the software.
USAE admits that it further developed the software supplied by VPD, providing graphic and data material to enhance the product, and developing website programs to display the software, neither of which was prohibited by the contract. Because its customers required technical support to implement the software, USAE began to charge an extra $150.00 extra for the technical support. It asserts that its customers were informed that the extra charge was over and above the cost of the software. VPD believed that USAE was simply charging a higher price for the basic software package, and terminated the contract. As a result of the termination, VPD refused to ship software upgrades to USAE for distribution to its customers who had already paid for the upgrades.
Because of VPD’s alleged improper termination of the contract, USAE filed an arbitration complaint. USAE sought specific performance, injunctive relief, and damages as a result of VPD’s actions.
VPD filed an answer and counter-claim denying USAE’s allegations and alleging that the technical support explanation put forth by USAE was merely an 13attempt to cover up its scheme to retain a disproportionate share of the revenues. VPD sought damages for its contractual share of surplus charges and an accounting.
USAE admits that it wrongfully copied the upgrades of the software from existing inventory, but did so because VPD refused to supply the upgrades that USAE’s customers already had purchased. During the course of discovery, USAE voluntarily agreed to stop copying the VPD upgrades.
The arbitrator found that VPD’s letter of termination to USAE was insufficient to terminate the contract. As such, VPD’s refusal to ship the upgrades was a breach of the contract. He also found that USAE had breached the contract with VPD on several counts, including wrongfully copying the software upgrades. The arbitrator awarded damages of $135,000 to USAE for estimated net lost sales and reliance damages. He also terminated the contract, and awarded VPD $6,300 for its estimated lost percentage share of sales. VPD’s request for an accounting to determine the exact amount of loss was denied by the arbitrator.
USAE filed a motion in Civil District Court to have the arbitration award confirmed, and a rule to show cause why the award should not be made the judgment of the court. VPD opposed the motion, and filed a motion to have the arbitration award vacated and modified. After a hearing, the district court maintained USAE’s motion and denied the motion filed by VPD. This appeal followed.
DISCUSSION:
|4We first address USAE’s challenge of VPD’s right to appeal. USAE argues that the contract between the parties contained the following language:
*306 ... Any decision or award rendered by the arbitrator shall be conclusive and binding upon the parties hereto; provided, however, that any such decision or award shall be accompanied by a written opinion of the arbitrator giving the reasons for the award. This provision for arbitration shall be specifically enforceable by the parties and the decision of the arbitrator in accordance herewith shall be final and binding and there shall be no right of appeal therefrom .... (emphasis added)
Ordinarily the terms of a contract are binding upon the parties. However, there are statutory provisions to challenge an award on certain procedural grounds. La. Rev. Stats. 9:4210, 9:4211. Further, La. Rev.Stat. 9:4215 provides that “[a]n appeal may be taken from an order confirming, modifying, correcting, or vacating an award, or from a judgment entered upon an award, as from an order or judgment in an action.” Thus we find no merit to USAE’s argument.
Nonetheless, although statutes provide that an appeal may be perfected, it is well settled that an arbitration award may be challenged only on the grounds specified in the statute. A reviewing court may not substitute its own judgment for that of the arbitrator. Hill v. Cloud, 26,391, p. 9 (La.App. 2 Cir. 1/25/95), 648 So.2d 1383, 1388; Transcontinental Drilling Co., Inc., v. Davis Oil Co., 354 So.2d 235 (La.App. 4 Cir.1978). A reviewing court cannot review the merits of an arbitrator’s award. Firmin v. Garber, 353 So.2d 975 (La.1977). Unless there exist valid grounds for vacating, modifying or correcting the award, the award must be confirmed. Montelepre v. Waring Architects, 2000-0671 (La.App. 4 Cir. 5/16/01), 787 So.2d 1127; Spencer v. Hoffman, 392 So.2d 190 (La.App. 4 Cir. 1980). The burden of proof is on the party attacking the award, which can be challenged only on statutory grounds. Firmin, supra; Montelepre, supra.
VPD seeks to have the arbitration award vacated or modified because it claims the arbitrator was guilty of misconduct as defined by La.Rev.Stat. 9:4210 C and D. Specifically, VPD argues that the award should be vacated or modified because the arbitrator refused to grant its motions to compel compliance with discovery and for continuance.
Louisiana Revised Statute 9:4210 provides in part:
In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.
* * *
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.
VPD contends that during the deposition of Anthony Piazza, a co-owner of USAE, Mr. Piazza’s attorney instructed him not to answer questions VPD deemed pertinent to its claim for wrongful copying of its software. Therefore, in its motion to compel discovery, VPD desired the arbi *307 trator to order Mr. Piazza to answer the questions it deemed pertinent to its claim, and to continue the arbitration hearing to allow further discovery. USAE filed a written motion in opposition to the motions [ ^arguing that VPD had not made a claim for wrongful copying, and, therefore, the evidence VPD sought to discover was outside the scope of its claims. The arbitrator denied both of VPD’s motions.
In the absence of statutory or agreed to procedures, the arbitrator has broad discretion in conducting the proceedings. A reviewing tribunal’s primary function is to determine if the arbitration proceedings have been fundamentally fair. Hennecke, supra at 2-3, 700 So.2d at 522; In re: Arbitration Between U.S. Turnkey Exploration, Inc. and PSI, Inc., 577 So.2d 1131 (La.App. 1 Cir.1991).
Initially, we note that the record before us on appeal is woefully deficient. Many of the underlying facts and ancillary issues discussed by both parties in their appellate briefs are not contained in the record. There is no record of the arbitration proceedings, except for the award letter attached to a motion, no transcript of the arbitration hearing, no transcript of the hearing before the district court, and no reasons for judgment by the district court.
Nevertheless, a review of the documents contained in the trial court record indicates that the arbitrator denied VPD’s motions by letter, but ordered both Anthony and Julie Piazza to be present at the arbitration hearing, “at which time any objections to the questions at issue, if asked, shall be considered.” Thus the fact that the arbitrator did not review the deposition transcripts before ruling is of no moment, because he agreed to allow VPD the opportunity to seek redress of the issues prior to the start of the arbitration hearing. However, this Court does not know if VPD took advantage of the opportunity extended by the arbitrator because the record does not contain a transcript of the arbitration hearing. The various motions and memoranda filed into the trial court record, and the briefs before this |7Court indicate that each party has a vastly different recollection of the arbitration hearing. For example, VPD asserts that USAE was allowed a day and a half to present its case, but VPD was forced to present its case in the half day remaining for the hearing. VPD contends that the arbitrator interrupted its counsel’s examination of a witness, and, instead, conducted his own examination. Shortly thereafter, the arbitrator terminated the hearing proclaiming that “he had heard enough.” To the contrary, USAE claims that each party had ample time to present its case by both live testimony and affidavits. Any time constraints were, in fact, caused by the flight schedules of the VPD personnel and their counsel. USAE contends that the arbitrator offered to allow the hearing to continue, albeit on another day, but VPD declined the offer.
Where factual issues are being disputed, and the appellate record does not contain either a transcript or narrative of facts agreed to by the parties, there is nothing for appellate review. Succession of Walker, 288 So.2d 328 (La.1974); Tayco Const. Co. v. La Cuisine Restaurant, Inc., 593 So.2d 954 (La.App. 4 Cir.1992). Accordingly, based on the record before us, there is no evidence to confirm that the arbitrator was guilty of misconduct or abused his vast discretion in refusing to continue the hearing or compel discovery.
The judgment of the trial court confirming the arbitration award is affirmed.
AFFIRMED.