DENNIS R. BAGNERIS, SR., Judge.
hln this appeal, Mr. Hall seeks review of the trial court judgment denying his motion to vacate an arbitration award. Specifically, Mr. Hall argues that the arbitrator acted arbitrarily and capriciously in disallowing a witness to testify as an expert and the trial court should have vacated the arbitration award. For the following reasons, we hereby affirm.

FACTS AND PROCEDURAL HISTORY

Mr. Hall and Cable Lock Foundation Repair, Inc. (Cable Lock) entered into a contract whereby Cable Lock was to elevate Mr. Hall’s home. Cable Lock completed the elevation in October 2009. After the elevation was completed, Mr. Hall removed the sub-flooring of his home. Sometime in March 2010, the roof collapsed. Mr. Hall believed Cable Lock performed faulty work which caused the roof to collapse and the parties proceeded with arbitration pursuant to their contract.
At the arbitration proceeding, both parties presented testimony and evidence. In addition to his engineering expert, Mr. Hall attempted to qualify his neighbor, Mr. Alfred Lewis, as an expert in the construction industry. While the arbitrator allowed Mr. Lewis to testify, Mr. Lewis was not qualified as an expert in the ^construction industry. At the time of the arbitration hearing, Mr. Lewis possessed twenty years experience in the construction industry and had participated in the elevation of about five homes. Mr. Lewis, an unlicensed contractor, possessed no specialized education, technical experience or scientific knowledge in the construction industry.
The arbitration award denied the claim of Mr. Hall and attributed the roof collapse to the removal of the sub-flooring by Mr. Hall. The arbitrator found that the removal of the sub-flooring compromised the integrity of Mr. Hall’s home and caused the collapse.
Mr. Hall filed a motion to vacate and reverse the arbitration award in Civil District Court. Mr. Hall alleged that the arbitrator erred in not qualifying Mr. Lewis as an expert. Cable Lock filed an opposition to Mr. Hall’s motion and a motion to confirm the arbitration award. After conducting a hearing, the trial court denied the motion to vacate the arbitration award filed by Mr. Hall and granted the motion to confirm the arbitration award filed by Cable Lock. From that judgment, Mr. Hall appeals.

STANDARD OF REVIEW

Arbitration is a substitute for litigation. Montelepre v. Waring Architects, *1159 2000-0671, 2000-0672, p. 3 (La.App. 4 Cir. 5/16/01), 787 So.2d 1127, 1130. (Other citations omitted.). The purpose of arbitration is a fast and inexpensive manner for the settlement of differences. Id. Arbitration is favored in Louisiana and arbitration awards are presumed to be valid. Johnson v. 1425 Dauphine, L.L.C., 2010-0793, p. 7 (La.App. 4 Cir. 12/1/10), 52 So.3d 962, 967. The parties to an arbitration proceeding are presumed to accept the risk of procedural and substantive mistakes of either fact or law. Id.
[sIn the absence of statutory or agreed to procedures, the arbitrator has broad discretion in conducting arbitration proceedings. Southern Tire v. Virtual Point Development, 2000-2301, p. 6 (La.App. 4 Cir. 9/26/01), 798 So.2d 303, 307. A reviewing court’s primary function is to determine whether the arbitration proceedings have been fundamentally fair. Id. (Other citations omitted.).

DISCUSSION

In his assignment of error, Mr. Hall alleges that that arbitrator acted arbitrarily and capriciously and denied his rights by failing to qualify Mr. Lewis as an expert.
The statutory grounds for vacating an arbitration award are:
A. Where the award was procured by corruption, fraud, or undue means.
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
D.Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
La. R.S. 9:4210.
Thus, Mr. Hall alleges the arbitrator violated La. R.S. 9:4210(C) by refusing to hear evidence pertinent and material to the controversy.
The Code of Evidence allows a witness to be qualified as an expert. “If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto inj^the form of an opinion or otherwise.” La. C.E. art. 702. A trial judge has wide discretion in determining whether to allow a witness to testify as an expert and the decision to qualify or disqualify a witness will not be disturbed unless it is clearly erroneous. Versluis v. Gulf Coast Transit Co., 2008-0729, p. 5, (La.App. 4 Cir. 7/29/09) 17 So.3d 459, 463. (Other citations omitted.).
Mr. Hall argues Mr. Lewis’ experience consisting of twenty years in the construction industry qualified him as an expert. Cable Lock argues that the arbitrator was not convinced that Mr. Lewis’ involvement in about five home-elevation projects qualified him as an expert. Cable Lock notes that Mr. Lewis was allowed to testify as a lay witness to compliment the testimony of Mr. Hall’s engineering expert.
Mr. Hall cited Webb v. Massiha, 08-0226 (La.App. 5 Cir. 9/30/08), 993 So.2d 345, in support of his argument. In Webb, the defendant filed a motion to strike the testimony of all live witnesses and accept depositions in lieu thereof. Id., p. 3, 993 So.2d at 346. The arbitration panel granted the motion to strike four days prior to the *1160 arbitration proceeding. The plaintiff intended on calling her expert and lay witnesses live, as provided by a scheduling order. The court found the timing of the motion to strike prejudicial, as the plaintiff had not taken perpetuation depositions. The court further found that the decision to strike live testimony was not legally supportable. Id., p. 6, 993 So.2d at 348. Thus, the court vacated the decision of the arbitration panel. Id., p. 7, 993 So.2d at 349. We do not find this case supports Mr. Hall’s position. Webb involved the striking of all live testimony, which is not legally supportable. The decision to qualify or not qualify an expert is based on La. C.E. art. 702 and is legally supportable.
| sin this case, during the hearing before the district court, Mr. Hall argued that Mr. Lewis was prevented from testifying as to what and how the home was weakened and collapsed. Cable Lock noted that Mr. Hall’s engineer testified as to those items.
However, the record before us lacks a record and transcript from the arbitration proceeding. “Where factual issues are being disputed, and the appellate record does not contain either a transcript or narrative of facts agreed to by the parties, there is nothing for appellate review.” Southern Tire, 2000-2301, p. 7, 798 So.2d at 307. (Other citations omitted.). There is no evidence in the record of Mr. Lewis’ experience and how that experience would have assisted the arbitrator, an engineer himself, in understanding the evidence or determining a fact in issue. Thus, we conclude the arbitrator was not clearly erroneous in failing to qualify Mr. Lewis as an expert.
Further, there is no evidence in the record that the arbitrator was guilty of misconduct in refusing to qualify Mr. Lewis as an expert. A party attacking an arbitration award must prove misconduct on the part of an arbitrator in refusing to hear evidence. La. R.S. 9:4210(C). Mr. Hall failed to prove misconduct on the part of the arbitrator in refusing to qualify Mr. Lewis as an expert.
Mr. Hall also argued that the arbitrator exhibited partiality. Again, there is no transcript from the arbitration proceeding in the record. There is no evidence in the record before us to confirm that the arbitrator exhibited partiality.
Considering the lack of evidence of misconduct and the presumption of validity of ai'bitration awards, we conclude the arbitration proceeding was fundamentally fair. We find the trial court did not err in denying the motion to vacate the arbitration award or in confirming in the arbitration award.
| ^Accordingly, the judgment of the trial court denying the motion to vacate the arbitration award and granting the motion to confirm the arbitration award is affirmed.
AFFIRMED