STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-1053


RITA MAYEAUX

VERSUS

SKYCO HOMES, ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 20127559
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SYLVIA R. COOKS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, John D. Saunders, and Elizabeth A. Pickett,

Judges.

 Pickett, J. dissents.



                                        AFFIRMED. REMANDED.



Fred A. Pharis
Pharis & Pharis
831 DeSoto Street
Alexandria, LA 71301
(318) 445-8266
COUNSEL FOR PLAINTIFF/APPELLEE:

**Rita Mayeaux**
**Charles V. Richie**
**Richie, Richie & Oberle, LLP**
**P. O. Box 44065**
**Shreveport, LA 71134**
**(318) 222-8305**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Skyco Corporation**

**Lamont P. Domingue**
**Voorhies & Labbe**
**P. O. Box 3527**
**Lafayette, LA 70502-3527**
**(337) 232-9700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **CMH Manufacturing, Inc. d/b/a Schult Homes Corporation**

**COOKS, J.**

## FACTS AND PROCEDURAL HISTORY

Rita Mayeaux (Mayeaux) sued Skyco Homes (Skyco) and CMH Manufacturing, Inc. (CMH) to recover a reduction in the purchase price of a double-wide manufactured home and for general damages, attorney fees, and costs for alleged redhibitory defects. Mayeaux purchased the home for her daughter and directed Skyco to deliver and assemble the home on a certain piece of property. Mayeaux filed a supplemental and amended petition seeking recission of the sale and maintained her claims for damages, attorney fees, and costs. Skyco and CMH filed exceptions based upon a contractual provision requiring such matters between the parties be arbitrated by the Better Business Bureau (BBB). The parties agreed to a stipulated judgment which referred the dispute to arbitration by the BBB and stayed the lawsuit pending a decision by the BBB.

Less than a week before the scheduled arbitration hearing Mayeaux asked for a continuance because one of her expert witnesses could not attend on the date set and another of her expert witnesses could only attend a portion of the scheduled hearing. CMH did not oppose the continuance, but Skyco insisted on moving forward. The BBB arbitrator denied the request for continuance on the basis that the expert unable to attend could testify by telephone and the other expert could appear to testify. The BBB arbitrator found Mayeaux did not establish any basis for recovery against CMH; held Skyco liable for $3,000.00 in repairs to the home; made each party responsible for their own attorney fees and costs; and stated the decision is a full settlement of all claims submitted. Mayeaux's request for a re-

consideration was denied. CMH filed a Motion to Lift Stay and Confirm the Arbitration Award in the trial court. Mayeaux, in response, filed a Motion to Vacate or Modify the arbitration award. The trial court, after a hearing on the matter, vacated the arbitration award, ordered the matter be resubmitted to the BBB for arbitration with a different arbitrator, and taxed Skyco with all costs of Mayeaux's motion to vacate. Skyco appeals the trial court judgment.

Skyco asserts the trial court erred in vacating the arbitrator's decision and erred in requiring a different arbitrator conduct the new hearing. For the reasons set forth below, we affirm the trial court's ruling and remand the case for further proceedings.

## ANALYSIS

First, it is important to note that we are being asked to review the correctness of the trial judge's finding that the arbitrator should not have denied the requested continuance. We are not being asked to substitute our own conclusions about what Mayeaux may be entitled to under the facts which form the basis of this dispute. We are, instead, being asked to do what we as an appeallate court are empowered to do, and that is to determine whether the arbitration proceeding was fundamentally fair under our notions of due process. Our sister circuit issued an opinion this year which sets forth a concise and cogent explanation of what we are empowered and duty-bound to do in this instance, to wit:

> In the absence of statutory or agreed to procedures, the arbitrator has broad discretion in conducting arbitration proceedings. *Southern Tire v. Virtual Point Development*, 00-2301, p. 6 (La.App. 4 Cir. 9/26/01), 798 So.2d 303,307. *The appellate court's function is to determine if the arbitration proceedings have been fundamentally fair*. *Id*. Arbitration awards may not be overturned for errors of fact or law. *Tower Hill Trading Co., Ltd v. Howard, Weil, Labouisse, Friedrichs, Inc*., 96-463, p. 5 (La. App. 4 Cir. 1/22/97), 687 So.2d 1096, 1099.

> However, this Court has made it clear *that due process violations require a reviewing court to vacate the award. Johnson v. 1425 Dauphine, L.L.C.*, 10-793 (La.App. 4 Cir. 12/1/10), 52 So.3d 962, 968-69, *writ denied*, 11-01 (La.2/18/11), 57 SO.3d 334. *See also Hennecke v. Canepa*, 96-772, p. 3 (La.App. 4 Cir. 5/21/97), 700 So.2d 521, 522, *writ denied*, 97-1686 (la.10/3/97), 701 So.2d 210. *'An arbitrator should be constantly vigilant of basic due process requirements, the first and foremost of which is the opportunity to present evidence and be heard.' Pittman Construction Co., Inc. v. Charles Pittman*, 96-1498, 96-1079, p. 13 (La.App. 4 Cir. 3/12/97), 691 So. 2d 268, 274. The four grounds [set forth in La.R.S. 9:4210] which require a reviewing court to vacate an arbitrator's award are broad in scope and provide sufficient leeway to correct fundamental due process violations. *Id.*

*Crescent Prop. Partners, LLC v. Am. Mfr. Mut. Ins. Co., et al.*, 13-661, p.3 (La.App. 4 Cir. 2/28/14) 134 So.3d 85, 89. (emphasis added).

Denying the continuance in this instance effectively denied Mayeaux the right to fully present evidence by her expert witnesses. Forcing Mayeaux's expert witness to testify by telephone did not accord that witness the opportunity to hear defendant's witnesses so that Mayeaux's expert might effectively rebut such testimony. Thus, Mayeaux was placed at a disadvantage in presenting her evidence. The trial judge, as a reviewing court in this instance, also has the constitutional duty and authority to protect Mayeaux's right to due process. Neither the trial court nor this court are neutered by the decisions cited by Defendant which purport to severely restrict the authority of the courts to review arbitration awards. Neither statutory law nor jurisprudence restrict the authority of the courts to determine whether the arbitration was fundamentally fair applying our notions of due process of law.

Defendant cites *General Motors Corp. v. Pamela Equities Corp.*, 146 F.3d 242 (5th Cir. 1998); *Lakeland Anesthesia, Inc. v. United Healthcare of Louisiana, Inc.*, 03-1662 (La. App.4 Cir. 3/17/04), 871 So.2d 380 and cases cited therein;

*Superior Oil Co. v. Transco Energy Co.*, 616 F.Supp. 98 (W.D. La. 1985); and *J. Caldarera & Co. v. Louisiana Stadium and Exposition District,* 98-294 (La.App. 5 Cir. 12/16/98), 725 So.2d 549, for the proposition that arbitration is highly favored in Louisiana for dispute resolution and "all doubts should be resolved in favor of the correctness of the subsequent arbitration decision." These cases have no application to the issue before us, i.e. whether Mayeaux was accorded fundamental due process in the arbitration proceeding. Louisiana Revised Statute 9:4210 is broad enough in scope to permit "sufficient leeway to correct fundamental due process violations." *Pittman*, 691 So.2d at 274. Defendant also relies on language in *In Re Arbitration Between U.S. Turnkey Exploration, Inc. and PSI, Inc.*, 577 So.2d 1131 (1st Cir. 1991) in support of the arbitrator's autonomy and restrictive limitations on the courts when reviewing arbitrators' decisions. Defendant maintains that the cited jurisprudence allows arbitrators broad discretion to employ "any reasonable procedure for conducting the arbitration proceedings." Again, the recited case law is not controlling in this matter as it is the province of the courts to determine whether the actions of the arbitrator or the procedure employed by the arbitrator accords the parties fundamental due process of law. The determination of whether a party is accorded due process in arbitration proceedings is always the province of the courts and there is no jurisprudence holding the contrary. Defendant further asserts that "mere errors of law or fact are not sufficient to vacate an [arbitrator's] award," citing *National Tea Co. v. Richmond*, 548 So.2d 930 (La.1989) and *St. Tammany Manor, Inc. v. Spartan Building Corp*., 509 So.2d 424 (La. 1987). We are not asked in this case to determine errors of law or fact, but instead, to address the question of the trial court's correctness in ruling that the action of the arbitrator in this case effectively denied Mayeaux due process of law.

4

We find that the action of the arbitrator did deny Mayeaux fundamental due process rights and therefore the proceeding was flawed. We agree with the trial court's finding that a decision reached by a flawed procedure cannot stand. We agree also with the trial court's solution to ensure that Mayeaux is accorded due process as she proceeds with the arbitration. The trial judge found Mayeaux's right to due process was violated and believed it was necessary to have a different arbitrator with the BBB hear the case anew. The contract providing for arbitration of disputes merely calls for arbitration by the BBB, and nothing requires the matter be heard by the same arbitrator who denied Mayeaux due process in the first proceeding. We therefore affirm the trial court's ruling and remand the case for further proceedings. All costs of this proceeding are assessed against Skyco.

**AFFIRMED. REMANDED.**