787 So.2d 1127 (2001)
Philip MONTELEPRE and Andrea Montelepre
v.
WARING ARCHITECTS.
Peter A. Waring, d/b/a Waring Architects and Continental Casualty Company
v.
Philip and Andrea Montelepre.
Nos. 2000-CA-0671, 2000-CA-0672.
Court of Appeal of Louisiana, Fourth Circuit.
May 16, 2001.
*1129 Michael M. Meunier, Jack M. Stolier, Gloria T. Lastra, Sullivan, Stolier & Resor, New Orleans, Counsel for Plaintiff/Appellant.
J. Ashley Inabnet, J. Ashley Inabnet, Attorney at Law, Slidell, Counsel for Defendant/Appellee.
Court composed of Chief Judge WILLIAM H. BYRNES, III, Judge CHARLES R. JONES, and Judge DENNIS R. BAGNERIS, Sr.
BAGNERIS, J.
Philip and Andrea Montelepre ("the Montelepres"), plaintiffs/appellants seek to reverse the granting of the defendant/appellee's motion to confirm an arbitration award and denying their motion to vacate the arbitration award and motion to remand. We disagree.

STATEMENT OF FACTS
The Montelepres entered into a written contract with Waring Architects ("Waring") to provide architectural services to expand and renovate their lakefront home in New Orleans, Louisiana. The contract between the Montelepres and Waring contained an arbitration clause in the event a dispute arose between the parties. Also, the Montelepres contracted Bywater Woodworks Inc. to construct the project. A dispute arose between the Montelepres and Waring upon the completion of the project. The Montelepres alleged that the new balcony was improperly designed and constructed. The Montelepres filed an arbitration demand against Waring.
Patricia Crowley was selected by the parties to be the arbitrator. Philip Montelepre represented himself and his wife in the arbitration proceedings. Attorney Ashley Inabet represented Waring. The parties along with the arbitrator selected and scheduled the dates for hearing and the deadlines for the exchange of exhibits. The parties selected June 12, 1998 as the deadline for the exchange of exhibits and June 17, 1998 for the hearing date. However, on June 15, 1998, the matter was continued until August 24, 1998.
On August 24-25, 1998 the arbitrator conducted the hearing on the matter. On September 11, 1998 the arbitrator rendered an award in favor of the Montelepres in the amount of $6,516.15, which included $6,250.00 for the repair of the balcony and $266.15 in pre-judgment interest. Further, the arbitrator ordered Waring to reimburse the Montelepres $130.37 in arbitration administrative expenses. The total arbitration award to the Montelepres was $6,646.52. The Montelepres refused to accept Waring's tender of the amount awarded by the arbitrator.
On September 30, 1998, the Montelepres filed a Petition to Vacate the arbitration award with supporting memorandum. On October 7, 1998, Waring filed a petition to deposit funds into the court's registry or in the alternative to open concursus proceedings. On May 19, 1999, Waring filed a motion to confirm the arbitration award. All pleadings filed by the parties were set for hearing on December 1, 1999.
On December 1, 1999, the trial court conducted the hearing on the various motions and pleading filed by the Montelepres and Waring. The trial court took the matter under advisement and later rendered judgment confirming the arbitration award, denying the Motion to Vacate the arbitration *1130 award and Motion to Remand. The Montelepres appeal.

LAW AND ANALYSIS
On appeal, the Montelepres contends the trial court erred by confirming the arbitration award of the arbitrator who they contend exceeded her authority, which amounted to her having been guilty of misconduct. We Disagree.
Arbitration is a substitute for litigation. Housing Authority of New Orleans v. Henry Ericsson Co., 197 La. 732, 2 So.2d 195 (1941). The purpose of arbitration is settlement of differences in a fast, inexpensive manner before a tribunal chosen by the parties. That purpose is defeated when parties seek judicial review of an arbitration award. Bartley, Inc. v. Jefferson Parish School Board, 302 So.2d 280 (La.1974). The parties may submit all their differences or only some of them. La. C.C. art. 3102. Our judicial system is precluded from exercising jurisdiction once arbitration has commenced. Spencer v. Hoffman, 392 So.2d 190 (La.App. 4 Cir. 1980). The authority of arbitrators extends "only to things contained in the submission, unless it has been stated that they shall have power to decide all disputes which may arise between the parties in the course of the arbitration." La. C.C. art. 3122.
Because of the strong public policy favoring arbitration, arbitration awards are presumed valid. Errors of fact or law do not invalidate an award. National Tea Co. v. Richmond, 548 So.2d 930 (La.1989). Arbitration is favored and an arbitration award is res judicata. Rosenbloom v. Mecom, 478 So.2d 1375 (La.App. 4 Cir.1985); Bergeron v. Gassen, 185 So.2d 106 (La.App. 4 Cir.1966). Unless grounds for vacating, modifying or correcting the award are established, the award must be confirmed. Spencer, supra, at 190; Hurley v. Fox, 587 So.2d 1 (La.App. 4 Cir. 1991). The burden of proof is on the party attacking the award. It can be challenged only on statutory grounds. Firmin v. Garber, 353 So.2d 975 (La.1977); Hill v. Cloud, 26-391 (La.App. 2 Cir. 1/25/95), 648 So.2d 1383, writ dismissed 95-0486 (La.3/17/95), 651 So.2d 260.
La. R.S. 9:4210 sets out the only grounds to vacate an arbitration award:
In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.
A. Where the award was procured by corruption, fraud, or undue means.
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.
The parties must agree to arbitration, and when they do so they are presumed to accept the risk of procedural and substantive mistakes of either fact or law. In re Arbitration Between U.S. Turnkey Exploration, Inc. and PSI, Inc., 577 So.2d 1131 (La.App. 1st Cir.1991), writ den. 580 So.2d 676 (La.1991). Arbitrators have general discretion as to the mode of conducting the proceedings, absent a specific *1131 mode prescribed by statute or agreement. Id. at 1135. However, an arbitrator should be constantly vigilant of basic due process requirements.
Arbitration proceedings are not held to the same strict rules, as are the courts. In the absence of statutory or agreed to procedures, the arbitrator has broad discretion in conducting the proceedings. Hennecke v. Canepa, 96-0772, p. 3 (La.App. 4 Cir. 5/21/97) 700 So.2d 521, 522, writ denied, 97-1686 (La.10/3/97), 701 So.2d 210. The appellate court's function is to determine if the arbitration proceedings have been fundamentally fair. Id.
The Montelepres contend further that the trial court erred on denying their Motion to Remand for the purpose of recreating a transcript. The Montelepres argue that because their Motion to Remand was denied it left them without any opportunity to address the other issues they set forth in their Petition to Vacate the arbitration award. The Montelepres contend that these issues were "transcript dependent". We disagree.
It would be relatively a simple matter for this Court to resolve the Montelepres' contention if there had been a transcript of the arbitration proceedings in the trial court. However, there was no transcript for review by the trial court. The absence of the transcript from the arbitration proceedings for review by the trial court is not fatal to our appellate review.
The Montelepres had the burden of proving that the arbitration award should be vacated or modified on one or more of the grounds set forth in La. R.S. 9:4210 and 9:4211. Philip Montelepre testified that the arbitrator granted a continuance to Waring on the initial date the proceedings were set and that the arbitrator's action of granting the continuance was in contravention of the rules set forth in the "Short Fast Track Arbitration Procedures." Further, he testified that the arbitrator was also guilty of misconduct when she allowed the admission of evidence of the estimated cost of repairs that was presented by George Hero, Waring's expert. He testified that these actions by the arbitrator amounted to misconduct as set forth in La. R.S. 9:4210 and 9:4211.
After careful review, we find that the Montelepres failed to sustain their burden of proving the Motion to Vacate or modify on one or more of the grounds set forth in La. R.S. 9:4210 and 9:4211. Philip Montelepre failed to prove that the actions of the arbitrator amounted to misconduct and that he did not obtain a fair hearing. The lack of the transcript or the reasons for its unavailability is of no moment. Furthermore, the trial court is vested with great discretion in absence of abuse or manifest error; therefore, the trial court's rulings and judgments will not be disturbed on appeal.
Accordingly, the judgment of the trial court is affirmed, and cost of this appeal is accessed against the Montelepres.
AFFIRMED.