JOAN BERNARD ARMSTRONG, Chief Judge.
 

 _JjThe plaintiff, D & B Framing, Inc. (D & B), appeals the district court judgment denying its motion to modify the arbitration award and dismissing with prejudice the arbitration proceedings involving D & B and defendant, Harris Builders, L.L.C. (Harris). For the reasons set forth below, we affirm the district court’s judgment.
 

 In April of 2008, D & B, as subcontractor, and Harris, as contractor, entered into two subcontracts using the American Institute of Architects Document A401-1997 Standard Form of Agreement Between Contractor and Subcontractor, pursuant to which D & B supplied labor in connection with the Oak Villa Apartments and the Pass-A-Loutre construction project. The ALA form contracts provided,
 
 inter alia,
 
 for submission of disputes arising thereunder to binding arbitration.
 

 On February 10, 2009, D & B demanded arbitration, seeking damages for alleged non-payment and breach of contract against Harris. Specifically, D & B claimed that Harris paid only $90,000.00 of the $266,000.00 contract price on the Oak Villa project, leaving a balance due D & B of $176,000.00. The demand asserts that Harris summarily removed D & B from that project in breach of the ^contract between the parties. D & B made no claim relating to the Pass-A-Loutre project.
 

 In response to the arbitration demand, Harris filed a counterclaim against D & B, asserting that D & B abandoned both projects prior to completion, causing Harris to terminate the contracts. Harris claimed that it paid D & B more than was due for the work actually performed, and for work that Harris later discovered to be defective. Harris contended that it paid a separate subcontractor to replace and/or correct D & B’s defective work and to complete the project.
 

 The parties agreed that Frank Walk, Jr. would serve as arbitrator. On August 23, 2009, Mr. Walk rendered an award in favor of D & B, in the total amount of $36,581.22, plus interest from December 3, 2008. The award includes an itemized account of the balance due D & B on both projects, after having deducted payments
 
 *636
 
 made by Harris to D & B and setoffs due Harris for payments made to other subcontractors to complete the Oak Villa project. The award assessed administrative fees and expenses to both parties, and denied all other claims and counterclaims made by the pai’ties.
 

 On September 18, 2009, Harris paid D & B the full amount awarded in arbitration which, Harris notes, D & B did not reject.
 

 On October 21, 2009, D & B filed a motion to modify the arbitration award, claiming that the arbitrator so imperfectly executed his powers that a mutual, final, and definite award on the subject matter submitted was not made. D & B asserted that the arbitrator made no ruling on the allegation of Harris’ breach of contract and the resultant damages. Harris objected to the motion to modify, asserting that the motion lacked any factual or legal support to vacate the arbitration award.
 

 |sThe matter was brought before the trial court on December 18, 2009. Following oral argument, judgment was rendered March 1, 2010, denying D & B’s motion to modify the arbitration award and dismissing the matter with prejudice. The district court did not provide reasons for judgment, and this timely appeal followed.
 

 The Louisiana Binding Arbitration Law (LBAL), La. R.S. 9:4201,
 
 et seq.,
 
 and Louisiana Civil Code articles 3099,
 
 et seq.
 
 embody the principle that arbitration is favored in Louisiana. The purpose of arbitration is the settlement of differences in a fast, inexpensive manner, before a tribunal chosen by the parties.
 
 See, Montelepre v. Waring Architects,
 
 00-0671, 00-0672, p. 3 (La.App. 4 Cir. 5/16/01), 787 So.2d 1127, 1130. Because of the strong public policy favoring arbitration, arbitration awards are presumed to be valid, and errors of fact or law do not invalidate such awards.
 
 Id.
 
 at p. 4, 787 So.2d at 1130, citing
 
 National Tea Co. v. Richmond,
 
 548 So.2d 930 (La.1989).
 

 Unless grounds for vacating, modifying or correcting the award are established, the award must be confirmed.
 
 Montelepre v. Waring Architects, supra
 
 at p. 4, 787 So.2d at 1130. The burden of proof is on the party attacking the award, which can be challenged only on statutory grounds.
 
 Id.,
 
 citing,
 
 inter alia, Firmin v. Garber,
 
 353 So.2d 975 (La.1977).
 

 The LBAL specifies the sole grounds on which a court may vacate an arbitration award, and the particular basis specified by D & B in this case is found in La. R.S. 9:4210 D, which provides:
 

 In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.
 

 [[Image here]]
 

 D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
 

 A district court may modify or correct an arbitration award where: (A) there was an evident miscalculation of figures or evident material mistake in the description of any person, thing or property in the award; (B) the arbitrators have rendered an award upon matters not subject to arbitration, unless it is a matter not affecting the merits of the decision; or (C) the award is imperfect in form, not affecting the merits of the controversy. La. R.S. 9:4211.
 

 In the present case, D & B submits that the award should be modified because the arbitrator failed to rule on D & B’s breach of contract claim. In support of its motion to modify, D & B invokes La.
 
 *637
 
 R.S. 9:4210(D), the statute setting forth the grounds for vacation, rather than modification, of an arbitration award
 
 [1]
 
 .
 

 Our review of the record in its entirety discloses no evidence to support D & B’s conclusory assertion that the arbitrator failed to render a final and definite award. A final and definite award must both resolve all the issues submitted to arbitration, and determine each issue fully so that no further litigation is necessary to finalize the obligation of the parties under | ¿the award.
 
 LHO New Orleans LM, L.P. v. MHI Leasco New Orleans, Inc.,
 
 03-1283 (La.App. 4 Cir. 3/3/04), 869 So.2d 304, citing
 
 Holmes v. Orleans Parish School Board,
 
 95-2451, p. 13 (La.App. 4 Cir. 7/9/97), 698 So.2d 429, 436. However, arbitrators are not required to state in the award each matter considered, or to set out the evidence, or to make findings of fact or conclusions of law. They need not give reasons or grounds for the award or conclusions, describe the process by which they arrived at their decision, or spell out the rationale of the award.
 
 Transcontinental Drilling Co. v. Davis Oil Co.,
 
 354 So.2d 235, 237 (La.App. 4 Cir.1978), citing 6 C.J.S. Arbitration § 100.
 

 In the present case, there is no evidence in the limited record
 
 [2]
 
 before us to support D & B’s contention that the arbitrator failed to consider its breach of contract claim. D & B was awarded an amount due for work performed under the contracts, subject to the setoffs proved by Harris. The clear implication of this ruling is that the arbitrator considered and rejected D & B’s breach of contract claim. Furthermore, the award specifically denies all other claims and counterclaims made by the parties.
 

 After careful review of the record taken in its entirety, we find no proof of valid grounds for vacating or modifying the arbitration award. Accordingly the trial court’s judgment denying D
 
 &
 
 B’s motion to modify the arbitration award is affirmed. All costs of this appeal are assessed to D & B.
 

 AFFIRMED.
 

 [1]
 

 . It is clear that, although denominated a "Motion to Modify Award”, D & B’s motion asserts no statutory basis for modification pursuant to La. R.S. 9:4211, but makes a claim of grounds supporting vacation of the award pursuant to La. R.S. 9:4210(D). We shall consider D & B’s motion as a motion to vacate the award.
 

 [2]
 

 . The arbitration proceeding was not transcribed.