ROLAND L. BELSOME, Judge.
Ijn this appeal, the plaintiff challenges the Civil District Court’s judgment, which confirmed an arbitration award in favor of the defendants. For the following reasons, the trial court’s judgment is reversed and the arbitrator’s award is vacated.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

In March of 2002, the plaintiff, Crescent City Property Partners, LLC (Crescent) and the defendant, Greystar Development and Construction, LP (Greystar), entered into a contract for the construction of “The Crescent at River Ranch,” a development to be located in Lafayette, Louisiana. In particular, Greystar, the general eontractor, agreed to erect, for Crescent, a complex composed of multiple structures, which would house apartment units as well as commercial businesses. In accordance with its construction contract, Greystar entered into a number of subcontracts and supply agreements with various third parties.
The project was completed in phases, and each building was issued a Certificate of Occupancy upon its completion. The Certificates of Occupancy were issued as follows:
• Building 5 — February 28, 2003
12* Building 4 — April 25, 2003
• Building 3 — May 28, 2003
• Building 4 — June 26, 2003
• Building 5 — July 24, 2003
Finally, a Certificate of Substantial Completion was executed on July 31, 2003, but was not recorded into the mortgage records in Lafayette Parish. On that date, La. R.S. 9:2772 provided a seven year per-emptive period for construction claims. Shortly thereafter, on August 15, 2003, La. R.S. 9:2772 was amended to shorten the peremptive period from seven years to five years.
On July 28, 2008, the plaintiff filed an arbitration claim[1] against Greystar for performance issues arising from the contract. In response, Greystar filed a third party demand against various subcontractors and suppliers involved in the construction. Approximately three years later, just before the matter was to be arbitrated, the Louisiana Supreme Court decided Ebinger v. Venus Construction Corp., 10-2516 (La.7/1/11), 65 So.3d 1279.[2] Relying *88 on EbingePs suggestion that the 2003 amendment could be applied retroactively, Greystar and the subcontractors filed separate motions for summary judgments with the arbitration panel on the premise that Crescent’s claims were perempted. After a hearing, the arbitration panel[3] granted the motions and dismissed all of the claims.
IsCrescent timely filed an application to vacate the arbitrators’ award in Civil District Court, as the arbitration proceedings took place in New Orleans. Although Crescent only named Greystar (along with its bonding company American Manufacturer’s Mutual Insurance Company) in its original arbitration claim, it included the subcontractors as defendants in its application to vacate the award.[4] After removal and remand from federal court, Greystar and the subcontractors filed separate applications for an order to confirm the arbitrators’ award in Civil District Court. In addition, the subcontractors jointly filed an exception of no cause of action, asserting that Crescent had no claim against the subcontractors because there was no arbitration claim or ruling between Crescent and the subcontractors. All of the parties’ applications were consolidated in the trial court.
After a hearing, the trial court issued a judgment granting Greystar and the subcontractors’ applications to confirm the arbitrators’ award, denying Crescent’s application to vacate the award, and denying as moot the subcontractors’ exception of no cause of action. Additionally, the trial court granted American Manufacturers’ motion to recognize a foreign judgment and dismiss or stay the claims against them. Crescent timely filed this devolu-tive appeal. On appeal, the subcontractors filed a motion for partial dismissal with this Court.
| ¿ASSIGNMENTS OF ERROR
Crescent asserts three assignments of error that primarily complain of two legal errors committed by the trial court: 1) the trial court erred in confirming the arbitrator’s award, and 2) the trial court erred in granting American Manufacturer’s (Greys-tar’s surety) motion to recognize a foreign judgment.
In its first two assignments of error, Crescent asserts that the arbitration panel violated its due process rights; thus, the trial court committed legal error in confirming rather than vacating the arbitrator’s award.

STANDARD OF REVIEW

An appellate court reviews a district court judgment confirming an arbitration award de novo. NCO Portfolio Management, Inc. v. Walker, 08-1011 (La.App. 3 Cir. 2/4/09), 3 So.3d 628; FIA Card Servs., N.A. v. Smith, 44,923, p. 7 (La.App. 2 Cir. 12/22/09), 27 So.3d 1100, 1106, writ denied, 10-385 (La.4/23/10), 34 So.3d 265. Arbitration is favored, and an arbitration award is res judicata. Montelepre v. Waring Architects, 00-671, 00-672, p. 4, (La.App. 4 Cir. 5/16/01), 787 So.2d 1127, 1130 (citations omitted). Unless grounds for vacating, modifying or correcting the award are established, the award must be confirmed. Id. The burden of proof is on *89 the party attacking the award. It can be challenged only on statutory grounds. Id.
La. R.S. 9:4210 sets out the only grounds to vacate an arbitration award:
In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.
IsA. Where the award was procured by corruption, fraud, or undue means.
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
Where an award is vacated and the time within which the agreement required-the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators. Montelepre, 00-671, 00-672, p. 5, 787 So.2d at 1130.
In the absence of statutory or agreed to procedures, the arbitrator has broad discretion in conducting arbitration proceedings. Southern Tire v. Virtual Point Development, 00-2301, p. 6 (La.App. 4 Cir. 9/26/01), 798 So.2d 303, 307. The appellate court’s function is to determine if the arbitration proceedings have been fundamentally fair. Id. Arbitration awards may not be overturned for errors of fact or law. Tower Hill Trading Co., Ltd. v. Howard, Weil, Labouisse, Friedrichs, Inc., 96-463, p. 5 (La.App, 4 Cir. 1/22/97); 687 So.2d 1096, 1099. However, this Court has made it clear that due process violations require a reviewing court to vacate the award. Johnson v. 1425 Dawphine, L.L.C., 10-793 (La.App. 4 Cir. 12/1/10), 52 So.3d 962, 968-69, writ denied, 11-01 (La.2/18/11), 57 So.3d 334. See also Hennecke v. Canepa, 96-772, p. 3 (La.App. 4 Cir. 5/21/97), 700 So.2d 521, 522, writ denied, 97-1686 (La.10/3/97), 701 So.2d 210. “An arbitrator should be constantly vigilant of basic due process requirements, the first and foremost of | ¿which is the opportunity to present evidence and to be heard.” Pittman Construction Co. Inc. v. Charles Pittman, 96-1498, 96-1079, p. 13 (La.App. 4 Cir. 3/12/97), 691 So.2d 268, 274. The four grounds which require a reviewing court to vacate an arbitrator’s award are broad in scope and provide sufficient leeway to correct fundamental due process violations. Id.

DISCUSSION

In granting Crescent’s motion for- summary judgment, the arbitration panel, primarily relying on Ebinger v. Verms Const. Corp., 10-2516 (La.7/1/11), 65 So.3d 1279, retroactively applied the five-year amended peremptive period set forth in La. R.S. 9:2772. The panel found that the peremp-tive period began no later than July 24, 2003,[5] and since the arbitration claim was filed on July 28, 2008, five years and four days after the cause of action arose, Crescent’s claim was perempted.
Here, the question presented is whether the five-year peremptive period *90 set forth by the 2003 amendment to La. R.S. 9:2772 may be retroactively applied to Crescent’s claim. Crescent contends that such application would contravene due process guarantees and divest them of vested property rights in their cause of action, which accrued prior to the effective date of the amendment. We agree.
Statutory interpretation and construction to be given to legislative acts is a matter of law and rests with the judicial branch of government. Bourgeois v. A.P. Green Indus., Inc., 00-1528, p. 11 (La.4/3/01), 783 So.2d 1251,1260. Generally, statutes of limitation are remedial in nature and as such are generally accorded retroactive application. Ebinger, 10-2516, p. 7, 65 So.3d at 1285 (citing Lott v. Haley, 370 So.2d 521, 523 (La.1979)).
|7The Legislature did not expressly state that the 2003 amendment to La. R.S. 9:2772 was to be applied retroactively. However, since it is a procedural law, the Ebinger Court found that it could be applied retroactively provided that it does not operate to disturb a vested right. Id. A vested property right exists once a party’s cause of action accrues, and it may not be divested without violating constitutional due process guarantees. Cole v. Celotex, 599 So.2d 1058, 1064 (La.1992) (citations omitted).
In finding that Crescent’s claim was per-empted, the arbitration panel found that its cause of action accrued on July 24, 2003, at the latest. Since the amendment which shortened the peremptive period became effective on August 15, 2003, Crescent’s vested property right accrued before its enactment.
However, it is well settled that an amendment that shortens existing periods of limitation will not violate the constitutional prohibition against divesting a vested right if it allows a reasonable time for those affected by the act to assert their rights. Lott, 370 So.2d at 524; Falgout v. Dealers Truck Equipment Co., 98-3150, p. 12 (La.10/19/99), 748 So.2d 399, 407-08; Marsh Engineering, Inc. v. Parker, 94-1129 (La.App. 3 Cir. 5/8/96), 688 So.2d 1042, writ denied, 96-1434 (La.9/27/96), 680 So.2d 637. Thus, Greystar argues that the shortened peremptive period did not violate Crescent’s vested property rights because it had four years and eleven months to file its claim, which is more than reasonable.
Critically, the Legislature did not provide for this period. The Supreme Court, in Maltby v. Gauthier, 506 So.2d 1190, 1193 (La.1987), found that the Legislature’s failure to provide for a reasonable “grace” period can be construed as an indication that no effect on vested causes of action was intended. It further | ^advised that courts should refrain from independently supplying such a period absent evidence, either expressed or implied, of such an intent.[6] Id. Likewise, we decline to do so.
In support of the arbitration panel’s ruling that retroactive application of the amendment was permissible without a legislative “grace” period, it primarily relied on Ebinger. In particular, it noted that the Ebinger Court indicated that the “grace” period requisite, previously set forth in Maltby and Lott, was not neces *91 sary.[7] It further distinguished the latter cases, reasoning that in those cases the plaintiffs’ rights were completely extinguished upon the effective date of the amendments, whereas in this case, the plaintiffs had a reasonable time period to assert its vested rights.
Although Ebinger involved the 2003 amendment at issue in this case, it is not controlling, as the case involved an indemnity claim which had not accrued or vested. Id., 10-2516, p. 12, 65 So.Sd at 1288. The Court found that since the claim had not vested before the effective date of the 2003 amendment, it was unnecessary to apply the amendment retroactively, as a nonexistent claim could not be adversely affected by a change in the law. Id., 10-2516, p. 12, 65 So.3d at 1287-88. Consequently, any suggestion in Ebinger regarding whether a “grace” period requirement exists is dictum.
Additionally, the Maltby Court made no distinction between vested claims that were immediately extinguished versus those that were not. In fact, the Court rejected an argument similar to the one made by the defendants and adopted by the | apanel regarding reasonable time periods. Id. at 1192-93. In particular, the Maltby defendants argued that the statute provided a three-year outer limit which was a reasonable time limitation for asserting claims vested at the time of the statute’s enactment. Id. The Court refused to retroactively apply the statute when there was “no indication of any legislative intent, either expressed in the statute or implied from analysis of the overall language and purpose of the statute,” to affect claims vested before the effective date of the statute. Id. Thus, the distinction made by the panel is irrelevant, because Crescent falls within the class of litigants discussed in Maltby: those with vested claims before the amendment or enactment became effective.
Further, making a subjective judicial determination of what is reasonable on a case-by-case basis can lead to a disparity in rulings involving vested claimants. Interestingly, the panel acknowledged that “up until Ebinger, it had been assumed by some courts [Lott and Maltby ] that a per-emptive statute which shortened the time period for filing suit could not be applied retroactively unless it provided in the statute itself a specific grace period for filing suit.” However, it failed to consider that Ebinger was handed down nearly three years after Crescent’s arbitration proceedings began. Thus, when Crescent was scheduling its time delays within which it could file suit, it was operating under the holdings set forth in Lott and Maltby. At this point in time, it was impossible for Crescent to predict the implications made in Ebinger. Nevertheless, the panel burdened Crescent with this foresight. Imposing such a burden is fundamentally unfair and solidifies the importance of the holdings in Lott and Maltby.
| ^Considering that there is no indication that the legislature intended the 2003 amendment to affect those with vested rights, we find that the arbitration panel violated Crescent’s due process rights when it retroactively applied the five-year peremptive period to its claim, which vested before the amendment became effective. Accordingly, the trial court erred in confirming the arbitration panel’s award.
In its third and final assignment of error, Crescent claims that the trial court erred when it granted American Manufacturers’ motion to recognize a foreign judgment and stayed or dismissed claims against it, because the motion and *92 summary rule was procedurally defective. We agree.
La. R.S. 13:4241 et seq. (Enforcement of Foreign Judgments Act) provides the procedure for enforcing of a foreign judgment. In particular, La. R.S. 13:4242 provides for the filing of an ex parte petition. Since American Manufacturers’ motion pleading did not comport with the procedure set forth above, the issue was not properly before the trial court. Thus, it erred in granting its motion.

DECREE

For the reasons discussed, the trial court’s judgment is reversed; the arbitrator’s award is vacated. Accordingly, the subcontractor’s motion to dismiss is hereby moot.
JUDGEMENT REVERSED; ARBITRATION AWARD VACATED.

. The construction contract required the parties to submit their disputes to arbitration.

. In response, Greystar filed an action in the Fifteenth Judicial District Court, seeking to have the court decide the effect of peremption issued raised by Ebinger. Crescent filed exceptions of lack of subject matter jurisdiction, arguing that the arbitration panel was the only entity that could rule on the peremption issue as it was a decision on the merits of the claim in arbitration. The trial court granted *88 Crescent's exceptions and dismissed Greys-tar’s action.

. H. Bruce Shreves, James H. Gill, Jr., and Stephen K. Yungblut.

. The subcontractors named as defendants in the application included: SLI Framing Company, Southern Stucco, Inc., Floor Crete Enterprises, Inc., Delta Construction Co., Champion Windows, Inc., Bison Building Materials of Texas, Inc., Nationwide Gutter, Panel Truss of Texas (Longview), Inc., and Bristol Fiber-lite Industries, Inc. Bristol Fiberlite was later voluntarily dismissed from the lawsuit by the plaintiff.

. This was the date that Building 1, the final building, was issued a Certificate of Occupancy.

. Though the Maltby Court initially discussed the enactment of prescriptive statutes potentially affecting existing causes of action, it is clear that its holding equally applies to per-emptive statutes, as a vested right may be disturbed by either of the two limitation periods. Notably, the Court highlighted that restraining from supplying the legislative lapse was especially significant because the enactment at issue partially substituted a peremp-tive period for a prescriptive period.

. The panel also cited to two appellate cases that pre-dated Maltby.