# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 24-321


**GABRIEL LAGRANGE, ET AL.**

**VERSUS**

**HARLEY E. BOONE, ET AL.**



**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C-90887 B
HONORABLE LALA B. SYLVESTER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## GUY E. BRADBERRY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Guy E. Bradberry, and Wilbur L. Stiles, Judges.


**JUDGMENT CONFIRMING ARBITRATION AWARD AFFIRMED; SUMMARY JUDGMENT IN FAVOR OF KLLM TRANSPORT SERVICES, LLC d/b/a KLLM LOGISTICS SERVICES REVERSED; AND SUMMARY JUDGMENT IN FAVOR OF GREAT WEST CASUALTY COMPANY DISMISSING ALL CLAIMS BY KLLM TRANSPORT SERVICES, LLC d/b/a KLLM LOGISTICS SERVICES GRANTED.**

**Anthony J. Milazzo, Jr.**
**Hebbler & Giordano, LLC**
**3501 N. Causeway Boulevard, #400**
**Metairie, LA 70002**
**(504) 833-8007**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Progressive Security Insurance Company**

**Jack E. Truitt**
**Michelle Mayne Davis**
**Lou Anne Milliman**
**Jennifer Cortes-Johnson**
**Michael St. Romain**
**Kaylin K. Storey**
**The Truitt Law Firm**
**1321 Ochsner Boulevard, Suite 200**
**Covington, LA 70433**
**(985) 327-5266**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **KLLM Transport Services, LLC d/b/a KLLM Logistics Services**

**James M. Dill**
**Julie I. Faulk**
**The Dill Firm, APLC**
**P.O. Box 3324**
**Lafayette, LA 70502-3324**
**(337) 261-1408**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Roamer Transport, Inc.**

**Donna M. Johnson**
**Casler, Bordelon and Gelder**
**4415 American Way**
**Baton Rouge, LA 70816**
**(504) 434-3011**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **Progressive Security Insurance Company**

**Deirdre C. McGlinchey**
**McGlinchey Stafford, PLLC**
**601 Poydras Street, 12th Floor**
**New Orleans, LA 70130**
**(504) 586-1200**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **American Honda Company, Inc.**

**David A. Strauss**
**Marco J. Salgado**
**Strauss Massey Dinneen, LLC**
**935 Gravier Street, Suite 1250**
**New Orleans, LA 70112**
**(504) 380-0290**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Great West Casualty Company**

**Rachal D. Chance**
**Lewis Brisbois Bisgaard & Smith, LLP**
**400 Poydras Street, Suite 1300**
**New Orleans, LA 70130**
**(504) 322-4100**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Great West Casualty Company**

**Jared Dunahoe**
**Dunahoe Law Firm**
**402 Second Street**
**Natchitoches, LA 71457**
**(318) 352-1999**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Gabriel and Amanda LaGrange, Individually and on Behalf of the Minor**
    **Children, Collin LaGrange, Jayce LaGrange, and Lindsay LaGrange**

**C. Kieffer Petree**
**Hinshaw & Culbertson, LLP**
**400 Convention Street, Suite 1001**
**Baton Rouge, LA 70802**
**(225) 333-3246**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Registry Monitoring Insurance Services, Inc.**

**Angela M. Hess**
**Hinshaw & Culbertson, LLP**
**400 Poydras Street, Suite 3150**
**New Orleans, LA 70130**
**(504) 904-8060**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Registry Monitoring Insurance Services, Inc.**

**Joseph E. Ritch**
**Elliott & Ritch LLP**
**321 Artesian Street**
**Corpus Christi, TX 78401**
**(361) 883-3000**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
  **Gabriel and Amanda LaGrange, Individually and on Behalf of the Minor**
  **Children, Collin LaGrange, Jayce LaGrange, and Lindsay LaGrange**

**Sarah R. Smith**
**Dinsmore & Shohl LLP**
**600 Travis Street, Suite 7350**
**Houston, TX 77002**
**(346) 293-7843**
**COUNSEL FOR DEFENDANT/APPELLANT:**
  **Great West Casualty Company**

**Laura L. Gongaware**
**Siobhán Murphy**
**Clyde & Co US LLP**
**The Chrysler Building**
**405 Lexington Ave**
**New York, NY 10019**
**(212) 710-3900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
  **Great West Casualty Company**

**BRADBERRY, Judge.**

This case involves appeals from two different judgments in the same trial court. Roamer Transport, Incorporated (Roamer) appeals a judgment confirming an arbitration award in favor of KLLM Transport Services, LLC d/b/a KLLM Logistics Services (KLLM) and dismissing its motion to vacate the judgment. Roamer's insurer, Great West Casualty Company (Great West), appeals a different judgment finding that KLLM is an insured under the liability policy it issued to Roamer.

## FACTS

Gabriel LaGrange was driving a motorcycle in April 2018 when he was involved in an accident with an eighteen-wheeler driven by Harley Boone. Mr. Boone was employed as a driver by Roamer. Prior to the accident, KLLM contracted with Roamer to provide transport services, and they entered into a broker-carrier agreement. Mr. LaGrange and his wife filed suit, individually and on behalf of their minor children, against numerous defendants, including KLLM, Roamer, Mr. Boone, and Great West.

In a previous appeal to this court, *LaGrange v. Boone*, 21-560 (La.App. 3 Cir. 4/6/22), 337 So.3d 921, *writ denied*, 22-738 (La. 6/22/22), 339 So.3d 1185, this court found the broker-carrier agreement was valid within the meaning of the Federal Aviation Administration Authorization Act (FAAAA) and that the LaGrange family could pursue negligent hiring claims against KLLM as falling within the safety exception to FAAAA preemption.

The indemnification clause in the broker-carrier agreement provides:

> **INDEMNIFICATION:** Carrier shall be liable to Broker and the parties identified on bills of lading for any and all loss, damage, or delay to shipments. The value of the shipment shall be sales price at destination. Carrier shall indemnify, defend and save harmless Broker, Broker's customer and the parties identified on the bills of lading, and

its subsidiaries and their respective officers, directors, and employees from and against all liabilities, obligations, losses, damages, penalties, claims, actions, suits, costs, charges, and expenses, including without limitation, fees and expenses of legal counsel and expert witnesses as they accrue, which are the result of or arising out of any or all or the work of services performed under this contract by Carrier or its contractors.

KLLM sought contractual defense and indemnity from Roamer. Roamer invoked the arbitration provisions of the broker-carrier agreement and filed an exception of prematurity in the trial court, which was granted. The matter was submitted to arbitration with the Transportation ADR Council. The parties elected to proceed using the fast track arbitration procedure. Fast track arbitration is available upon agreement of the parties, and the claim cannot exceed $50,000, excluding interest and attorney fees. Fast track arbitration proceeds on documents alone, with non-reasoned awards only, and is issued within thirty days after the proceeding is closed.

On August 4, 2023, the arbitrator issued an award. The arbitrator found that Roamer has a duty to defend and indemnify KLLM for damages arising from the accident, including indemnity for attorney fees, costs, charges, and expenses as they accrue. The arbitrator also found that the issue of whether KLLM was negligent in the selection of Roamer was an issue the parties submitted to her for a decision and found that KLLM was not negligent, rendering all other issues moot.

Subsequently, KLLM filed a motion to confirm the arbitration award in the trial court, asking that it be dismissed from the suit and ordering Roamer to assume its defense and indemnify KLLM against any award rendered, and awarding attorney's fees and costs incurred in the litigation. Roamer filed an application to vacate the arbitration award and to have the damage award limited to $50,000.

2

A hearing was held on September 14, 2023, with the trial court taking the matter under advisement. A written order was signed on January 31, 2024, confirming the arbitration award and finding that the award was mutual, final, and definite. The court also held that the arbitrator did not exceed her authority in finding that KLLM was not negligent. Roamer appealed this order.

Great West sought an exception of no right of action on KLLM's August 2023 cross claim against it, in which KLLM sought to be recognized as an insured under the policy issued by Great West to Roamer. In the alternative, Great West asked for summary judgment in its favor. An order was issued by the trial court on January 25, 2024, which denied Great West's exception of no right of action and also denied its motion for summary judgment. The district court granted a motion for summary judgment in part filed by KLLM, finding that KLLM is an insured under the policy because Roamer's contract with KLLM is an insured contract. Great West filed an appeal of that order signed on January 25, 2024.

## ROAMER APPEAL

Roamer has asserted several assignments of error in support of its position that the arbitrator's award be vacated, including: (1) whether the "manifest disregard of the law" standard should be applied; (2) whether the arbitrator exceeded her powers; and (3) whether the award was mutual, final, or definite. Roamer also asserts that, if the award is confirmed, it must be limited to $50,000 as the amount-in-controversy limit of the fast track procedure provided for in Rule 13 of the Transportation ADR Council's arbitration rules.

**Standard of Review**

Roamer argues that the Federal Arbitration Act applies because it preempts state law and governs all written arbitration agreements in contracts connected to

transactions involving interstate commerce. KLLM argues that federal law does not apply in this case because it only applies to cases pending in a United States district court.

"Because of the strong public policy favoring arbitration, arbitration awards are presumed to be valid." *Crescent Prop. Partners, LLC v. Am. Mfrs. Mut. Ins. Co.*, 14-969, 14-973, p. 6 (La. 1/28/15), 158 So.3d 798, 803. A court of appeal's review of a trial court's confirmation of an arbitration award is de novo. *NCO Portfolio Mgmt., Inc. v. Walker*, 08-1011 (La.App. 3 Cir. 2/4/09), 3 So.3d 628. "Unless grounds for vacating, modifying or correcting the award are established, the award *must* be confirmed, and the burden of proof is on the party attacking the award." *La. Physician Corp. v. Larrison Fam. Health Ctr., L.L.C.*, 03-1721, p. 3 (La.App. 3 Cir. 4/7/04), 870 So.2d 575, 578. *See also Crescent Prop. Partners*, 158 So.3d 798.

Regarding the application of federal law or state law in arbitration proceedings involving interstate commerce, this court has stated:

> Louisiana has adopted the federal policy favoring arbitration. *Aguillard v. Auction Mgmt. Corp.*, 04–2804, 04–2857 (La.6/29/05), 908 So.2d 1. Arbitration in this state is governed by the Louisiana Arbitration Law ("LAL") found at La.R.S. 9:4201–4217. The Federal Arbitration Act ("FAA") is located at 9 U.S.C. §§ 1–16. The United States Supreme Court has made it clear that the substantive provisions of the FAA pre-empt state law and govern all written arbitration agreements in contracts connected to transactions involving interstate commerce. *Collins v. Prudential Ins. Co. of America*, 99–1423 (La.1/19/00), 752 So.2d 825. "Whether a claim is brought in state court or federal court, and whether a claim is based on state or federal law, courts must enforce arbitration agreements in contracts covered by the FAA, notwithstanding any state statutory or jurisprudential rules to the contrary." *Collins*, 752 So.2d. at 827 (citations omitted). The phrase "involving commerce" has been interpreted as the functional equivalent of "affecting commerce," and the Supreme Court has concluded that Congress intended to exercise its commerce powers to the fullest in legislating in favor of arbitration. *Id.*

*NCO Portfolio Mgmt., Inc.*, 3 So.3d at 632.

4

"It is well settled in both state and federal courts that an award may be challenged only on the grounds specified in the statute. The court cannot substitute its conclusion for that of the arbitrator." *Firmin v. Garber*, 353 So.2d 975, 977 (La.1977) (citations omitted). "Accordingly, a court does not ordinarily sit in an appellate capacity to an arbitration panel, but confines its determination to whether there exists one or more of the specific grounds for impeachment as provided under the applicable statute." *Godeau v. Picheloup Const. Co., Inc.*, 567 So.2d 697, 699 (La.App. 3 Cir. 1990) (*quoting N. Cent. Utils., Inc. v. E. Columbia Water Dist.*, 480 So.2d 901, 904 (La.App. 2 Cir. 1988)); *Town of Melville v. Safeco Ins. Co. of Am.*, 94-1039 (La.App. 3 Cir. 3/1/95), 651 So.2d 404, *writ denied*, 95-836 (La. 5/5/95), 654 So.2d 333. As noted in *NCO Portfolio Management, Inc.*, 3 So.3d 628, both federal and state law contain almost identical, if not identical, language addressing the arbitration matters at issue. Louisiana law lists the same four grounds for vacating an arbitration award as federal law. The federal grounds for vacating an arbitration award are found in 9 U.S.C.A. § 10(a):

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
>
> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

5

Louisiana Revised Statutes 9:4210 lists the exact same four grounds for vacating an arbitration award. Since Louisiana statutory provisions echo the Federal Arbitration Act, "Louisiana courts look to federal law in interpreting the Louisiana arbitration statutes." *Revelry Food Grp., LLC v. Nguyen Prop. Inv., LLC*, 21-881, p. 5 (La.App. 1 Cir. 2/25/22), 340 So.3d 1151, 1155. Therefore, regardless of which law applies, the statutory standards for vacating an arbitration award are the same.

**Manifest Disregard of the Law**

Roamer argues that there is an additional federal jurisprudential ground for vacating an arbitrator's award; when the arbitrator "manifestly disregarded the law." It is Roamer's position that the arbitrator failed to apply Louisiana and Mississippi law which would void the defense and indemnity obligations in the broker-carrier agreement. KLLM argues that the "manifest disregard of the law" standard is not a separate basis to set aside an arbitration award.

"'Manifest disregard of the law'" refers to an error by the arbitration panel that is obvious and capable of being readily and instantly perceived by an average person qualified to serve as an arbitrator." *Crescent Prop. Partners, LLC*, 158 So.3d at 803, n.3. "The jurisprudential rule implies the arbitrator appreciates the existence of a clearly governing legal principle but decides to ignore or pay no attention to it." *Id*. The supreme court in *Crescent Properties Partners, LLC*, noted that it has not adopted such a principle and further observed that the United States Supreme Court questioned its applicability in *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 128 S.Ct. 1396 (2008).

This court in *Brown v. Kabco Builders, Inc.* 18-928 (La.App. 3 Cir. 6/5/19), 274 So.3d 216, acknowledged the holding in *Hall*, and refused to consider arguments regarding "manifest disregard of the law." In *Van Way v. Walker*, 23-235 (La.App.

6

3 Cir. 10/18/23), 372 So.3d 439, *writ denied,* 23-1516 (La. 1/17/24), 377 So.3d 249, this court again held that an arbitrator's findings of fact and law are statutorily beyond judicial review and noted that "manifest disregard of the law" was not a recognized standard to be applied when seeking to vacate an arbitration award. "Vacating the arbitration award requires meeting one of the statutory grounds." *Id.* at 445. As observed by the court in *Revelry Food Group*, 340 So.3d at 1156, "By consensually substituting arbitration for litigation, it is presumed that the parties accept the risk of procedural and substantive mistakes of either fact or law by the arbitrator, which mistakes are not reviewable by the district court."

We find that "manifest disregard of the law" principle is not applicable. When Roamer sought arbitration under the broker-carrier agreement, it accepted the fact that an arbitrator's award is given great deference and presumed to be valid. Therefore, we will address the statutory grounds for vacation of the arbitrator's award raised by Roamer.

## Exceeded Authority

Roamer claims that the arbitrator "exceeded [her] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C.A. § 10(a)(4); La.R.S. 9:4210. Roamer claims that the arbitrator exceeded her authority in determining that KLLM was not negligent. It also argues that the award obligates Roamer for any damages in the main demand without any limitation.

### Negligence

Roamer first claims that the issue of KLLM's negligence was not included in the parties' arbitration/mediation referral form. Roamer states that the arbitration clause in the broker-carrier agreement provides that "[a]ny and all disputes arising

7

under this agreement shall be resolved in binding arbitration" which does not include the issue of negligence. KLLM argues that the issue of its negligence was directly before the arbitrator since she was asked to determine whether Roamer owed a duty to defend and indemnify KLLM for its own negligence.

The arbitrator's award specifically states: "Amongst other issues, the parties presented to the Arbitrator the issue of whether Claimant [KLLM] was negligent in the selection of Respondent [Roamer] and both provided detailed evidence on that point."

"The power of arbitrators is limited to what is explained in the submission." La.Civ.Code art. 3104. "The parties, who have submitted their differences to arbitrators, must make known their claims, and prove them, in the same manner as in a court of justice, by producing written or verbal evidence in the order agreed on between them or fixed by arbitrators." La.Civ.Code art. 3112. "The authority of arbitrators extend [extends] only to the things contained in the submission, **unless it has been stated that they shall have power to decide all disputes which may arise between the parties in the course of the arbitration**." La.Civ.Code art. 3122 (alteration in original) (emphasis added). "The question of whether an arbitrator has the power to arbitrate a dispute depends on whether the parties to the dispute agreed to submit the question to that arbitrator for decision." *Gen. Motors Corp. v. Pamela Equities Corp.*, 146 F.3d 242, 248 (5th Cir. 1998).

> An arbitrator exceeds his authority only if he acts outside the scope of his contractually delegated authority by issuing an award reflecting his own notions of economic justice rather than drawing its essence from the contract. Because the parties bargained for the arbitrator to interpret their contract, a decision even arguably construing or applying the contract must stand, regardless of a district court's view of its demerits. By consensually substituting arbitration for litigation, it is presumed that the parties accept the risk of procedural and substantive mistakes of either fact or law by the arbitrator, which

8

> mistakes are not reviewable by the district court. Errors of fact or law do not invalidate a fair and honest arbitration award.

*Durr Heavy Constr., LLC v. Willow Grove – North, LLC*, 24-90, p. 5 (La.App. 1 Cir. 8/6/24) (unpublished opinion) (2024 WL 3665532) (footnote omitted) (case citations omitted).

Clearly, one of the "disputes arising under the agreement" is whether Roamer owed a duty to KLLM to defend and indemnify it under the broker-carrier agreement against any claims. Intertwined within that issue is whether Roamer owes a duty to KLLM to indemnify it against its own negligence. Much of Roamer's appeal is devoted to this issue. Furthermore, the arbitrator's award makes it clear that the parties submitted the issue of KLLM's negligence to the arbitrator in addition to evidence on this issue. We do not find that the arbitrator exceeded her authority in reaching the issue of whether KLLM was negligent.

## Mutual, Final, or Definite Award

Roamer argues that the arbitration award should be vacated because it is not mutual, final, or definite. It argues that it is obligated for un-itemized past and future damages in an uncertain, indeterminate amount.

> The general rule is that in order for an award to be final and definite, it must resolve all issues submitted to arbitration, and determine each issue fully so that no further litigation is necessary to finalize the obligations of the parties under the award. *Puerto Rico Maritime Shipping v. Star Lines, Ltd.*, 454 F.Supp. 368, 372 (S.D.N.Y.1978). An award must also be clear enough to indicate what each party is required to do. *Curaco v. Solitron*, 356 F.Supp. 1, 12 (S.D.N.Y.), *aff'd*, 489 F.2d 1313, *cert. denied*, 416 U.S. 986, 94 S.Ct. 2389, 40 L.Ed.2d 763 (1974).

*Dighello v. Busconi*, 673 F.Supp. 85, 90 (D. Conn. 1987), *aff'd*, 849 F.2d 1467 (2nd Cir. 1988); *D & B Framing, Inc. v. Harris Builders, L.L.C.*, 10-591 (La.App. 4 Cir. 8/27/10), 47 So.3d 634.

The arbitrator was only asked to decide "Whether Roamer owes defense and indemnification to KLLM under the Broker Agreement between the parties" according to the arbitration referral form filled out by the parties. This is what the arbitrator decided. Pursuant to the broker agreement, she decided that Roamer owed a duty to defend and indemnify KLLM and that damages were owed because of this duty. She was not asked to determine the amount of damages. We find that the arbitrator's award was final, definite, and mutual based on the request submitted by the parties.

**$50,000 Limit**

Roamer included a motion to enforce the award of the fast track jurisdictional limit of $50,000. Pursuant to the confirmation letter for arbitration sent by the arbitrator, the parties elected to proceed with fast track arbitration under Rule 13 of the Arbitration Rules for the Transportation ADR Council. Fast track arbitration is available to parties "for those claims in which the amount in controversy, excluding interest and attorney fees, does not exceed the amount of Fifty Thousand Dollars U.S. ($50,000.00)."

As we previously determined, the arbitrator was not asked to make an award of damages so she did not make a specific award of damages. All she did was determine if Roamer owed a duty to defend and indemnify KLLM, in addition to whether KLLM was negligent after the parties made that request and submitted evidence on that issue. Further evidence that damages were not at issue is the fact that the amount in controversy listed on the arbitration referral was stated as "Indeterminate[.]" We find no merit to this argument.

10

**GREAT WEST APPEAL**

Great West was not part of the arbitration proceedings. In the trial court, KLLM argued that it is an additional insured under the Great West policy pursuant to the "insured contract" provision of the policy. The trial court granted summary judgment in favor of KLLM finding that the policy Great West issued to Roamer was an insured contract. Great West appeals this decision. Great West additionally argues that the broker-carrier agreement is not an insured contract because KLLM is "engaged in the business of transporting property by 'auto' for hire" which the policy states does not provide coverage as an insured contract. Great West also argues that it exhausted its policy limits in settlement of the claims the day the petition for damages was filed. Pursuant to the settlement, Roamer and its driver were released from liability for claims arising out of the accident. As a result, Great West argues that it has no further liability.

**Standard of Review**

Appellate review of a ruling on a motion for summary judgment is de novo. *Corbajal v. Chris Owens French Quarter Parade, LLC*, 24-191 (La. 5/21/24), 385 So.3d 236. "After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

A motion for summary judgment can be utilized to determine the issue of whether an insurance policy, as a matter of law, provides or excludes coverage. *Savoy v. Kelly-Dixon*, 22-318 (La.App. 3 Cir. 11/23/22), 353 So.3d 981, *writ denied*, 22-1852 (La. 2/24/23), 356 So.3d 337; *Meziere v. State Farm Mut. Auto. Ins. Co.*, 21-430 (La.App. 3 Cir. 2/9/22), 362 So.3d 555.

## Insured Contract

An insurer has no duty to defend a party who is not a named insured. *Savoy,* 353 So.3d 981. An insurer's duty to defend is explained in *Maldonado v. Kiewit La. Co.,* 13-756, 13-757, pp. 11–12 (La.App. 1 Cir. 3/24/14), 146 So.3d 210, 218-19:

> Under Louisiana law, the duty to defend is broader than the duty to indemnify. *See Henly v. Phillips Abita Lumber Co.,* 2006-1856 (La.App. 1st Cir. 10/3/07), 971 So.2d 1104, 1109. The issue of whether a liability insurer has a duty to defend a civil action against its insured is determined by application of the "eight-corners rule," under which an insurer must look to the "four corners" of the plaintiff's petition and the "four corners" of its policy to determine whether it owes that duty. *Id.*

> The insurer's duty to defend suits brought against its insured is determined by the factual allegations of the injured plaintiff's petition with the insurer being obligated to furnish a defense unless it is clear from the petition that the policy unambiguously excludes coverage. *Henly,* 971 So.2d at 1109. Assuming the factual allegations of the petition are true, if there could be both (1) coverage under the policy, and (2) liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit. *Id.* Additionally, the factual allegations of the petition are to be liberally interpreted in determining whether they set forth grounds which bring the claim within the scope of the insurer's duty to defend the suit brought against its insured. *Id.*

> If a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against its insured. The most recently amended complaint provided to the insurer must be examined to determine whether there is a duty to defend. When uncontroverted facts preclude the possibility of a duty to indemnify, the duty to defend ceases and the duty to indemnify is negated. *See Allstate Ins. Co. v. Roy,* 94-1072 (La.App. 1st Cir. 4/7/95), 653 So.2d 1327, 1333, *writs denied,* 95-1121, 95-1215 (La. 6/16/95), 655 So.2d 339; *Pylant v. Lofton,* 626 So.2d 83, 87 (La.App. 3d Cir.1993), *quoting Veillon v. U.S. Fire Ins. Co.,* 590 So.2d 1368, 1371 (La.App. 3d Cir.1991).

"An insurance policy is a contract between the parties and should be construed employing the general rules of interpretation of contracts." *Savoy,* 353 So.3d at 985. "Interpretation of a contract is the determination of the common intent of the parties." La.Civ.Code art. 2045. "When the words of a contract are clear and explicit and

lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La.Civ.Code art. 2046. "The words of a contract must be given their generally prevailing meaning." La.Civ.Code art. 2047. "Words susceptible of different meanings must be interpreted as having the meaning that best conforms to the object of the contract." La.Civ.Code art. 2048. "Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." La.Civ.Code art. 2050.

Roamer is listed as the insured under the Great West policy. KLLM is not listed as an insured but argues that it is an insured pursuant to the "insured contract" provisions of the policy. The Great West policy excludes coverage for any liability assumed under a contract but does provide coverage if there is an "insured contract." Under exclusions (emphasis added), the policy provides:

> This insurance does not apply to any of the following:
>
> . . . .
>
> **2. CONTRACTUAL**
>
> > Liability assumed under any contract or agreement. **But this exclusion does not apply to liability for damages:**
> >
> > a. **Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage**" occurs subsequent to the execution of the contract or agreement; or
> >
> > b. That the "insured" would have in the absence of the contract or agreement.

The Great West policy (emphasis added) defines an "insured contract," in pertinent part, as:

> That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) **under which you assume the tort liability of another** to pay for "bodily injury" or "property damage' to

a third party or organization. **Tort liability means a liability that would be imposed by law in the absence of any contract or agreement**[.]

KLLM argues that this provision confers coverage, as Roamer assumed tort liability in the broker-carrier agreement. Pursuant to this provision, KLLM argues that Great West had an obligation to defend it.

This court in *Savoy*, 353 So.3d 981, dealt with similar policy language concerning a contractual liability exclusion provision and the definition of an "insured contract." The policy in *Savoy* also defined an insured "to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy." There was additional language requiring there be "ongoing operations" for the additional insured status to kick in. The court in *Savoy* found that there was no work actively being engaged in at the time of the incident so the additional insured provision was inapplicable.

In addressing the "insured contract" provisions of the insurance policy, which are very similar to the provisions in this case, this court explained:

> The policy *does* provide coverage to Esthay for defense and indemnity for contracts that it enters into in which it assumes liability. The portion of the policy that LCG refers to is standard contract language used in commercial general liability policies. That provision, as noted above, excludes coverage when an insured assumes liability in a non-tortious contract such as breach of warranty claim, but provides an exception to the exclusion when the insured is liable for damages due to an "insured contract" and the property damage or bodily injury occurs subsequent to the execution of the contract. **Accordingly, Esthay is entitled to coverage, including defense and indemnity, for amounts it may be liable for to LCG if it was at least partially negligent in causing the bodily injury. It does not, however, give LCG a right to defense and indemnity**.

*Id*. at 992 (bold emphasis added).

This court further explained:

> While all of these terms seem very similar, the difference between what is excluded (damages the insured must pay for reason of assumption of liability in a contract, i.e. breach of contract or warranty) versus what is included (damages assumed in an "insured contract" which is a contract pertaining to the insured's business under which the insured assumes tort liability of another person and bears some responsibility for the negligence) are that "Tort liability means a liability that would be imposed *by law in the absence of any contract or agreement.*" In other words, negligence. Thus, this provision clearly refers to the named insured, Esthay, being liable to LCG for indemnity for its legal negligence, if it is so determined. On the contrary, if Esthay entered into a contract with LCG to assume its liability for sidewalk defects, it would be excluded under the policy because LCG has no tort liability in that circumstance. **All of this to say that the contractual liability coverage extends to the named insured, Esthay, when it must indemnify another party due to its tort liability**.

*Id*. at 993 (bold emphasis added).

While we agree with the trial court that the broker-carrier agreement is an insured contract under the policy, we do not find that the language in the Great West policy confers the status of an insured or additional insured on KLLM, and therefore, reverse summary judgment in favor of KLLM for the following reasons. For the same reasons, we find that Great West is entitled to summary judgment in its favor.

KLLM cites *Miller v. Superior Shipyard Fabrication, Inc.*, 01-2907 (La.App. 1 Cir. 8/20/03), 859 So.2d 159, for the proposition that if a written contract requires an insured to defend a third party, the third party can be granted additional insured status, even if not specifically named as an additional insured in the Policy. In *Miller*, 859 So.2d at 163 n.5, Superior, the named insured, and T.T.C. had a written service contract which required Superior to name T.T.C. as an additional insured under the liability policy issued to Superior as follows:

> [Superior] shall obtain and maintain in full force and effect ... comprehensive liability and property damage insurance with respect to the use or operation of equipment or property owned, possessed, transported or leased by [Superior], and [Superior] shall assume full

liability to the public for the use or operation thereof. **[Superior] shall have T.T.C. added as an additional named insured on all policies providing such coverage**. (Emphasis added.)

The policy of insurance in *Miller*, 859 So.2d at 163, included an additional-insured endorsement which specifically provided: "It is agreed that, if required by written contract, any person, firm or organization is included as an Additional Insured but only with respect to operations performed by the Named Insured or to acts or omissions of the Named Insured in connection with the Named Insured's operations." The court in *Miller* held that "[t]he endorsement was clearly intended to limit the additional-insured status to claims arising out of [the named insured's] acts or omissions in connection with its operations and to protect the additional insured from exposure to liability for [the named insured's] acts or omissions." *Id.*

In the present case, under the "**INSURANCE**" provision of the broker-carrier agreement, it provides that "Broker shall be named via an Additional Insured Endorsement on the Carriers' General Liability and Auto and Truck Liability Insurances[.]" KLLM was not named as an additional insured under the Great West policy. Furthermore, and more importantly, there is no language in the Great West policy like that in *Savoy* and *Miller* that states that a party required to be named as an additional insured under a liability policy would become an additional insured under the policy.

Contractual liability is listed as an exclusion for coverage. However, the exclusion provision specifically states that it does not exclude coverage for any assumption of liability in an insured contract. This means that there is coverage provided to Roamer as the insured should it be found liable because of its assumption of liability in the broker-carrier agreement to indemnify KLLM for any bodily injury or property damage that arises out of the contractual agreement. Great West would

be responsible to its insured, Roamer, for the amount it owes to KLLM as part of the indemnity agreement. No language in the Great West policy indicates that the indemnitee becomes an additional insured under the policy entitled to a defense under the policy as in *Savoy* and *Miller*. For these reasons, we find that the trial court erred in granting summary judgment in favor of KLLM.

For the reasons set forth in this opinion, we affirm the judgment of the trial court confirming the arbitration award. Because we find that KLLM was not an insured under the policy issued by Great West, we reverse the judgment of the trial court granting summary judgment in favor of KLLM, and we grant summary judgment in favor of Great West, dismissing the claims against it by KLLM. Costs of this appeal are assessed equally between Roamer and KLLM.

**JUDGMENT CONFIRMING ARBITRATION AWARD AFFIRMED; SUMMARY JUDGMENT IN FAVOR OF KLLM TRANSPORT SERVICES, LLC d/b/a KLLM LOGISTICS SERVICES REVERSED; AND SUMMARY JUDGMENT IN FAVOR OF GREAT WEST CASUALTY COMPANY DISMISSING ALL CLAIMS BY KLLM TRANSPORT SERVICES, LLC d/b/a KLLM LOGISTICS SERVICES GRANTED.**